UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY PRESTON,

    Plaintiff,                                            Case Number 18-12181

v.                                                        Honorable David M. Lawson

JOHN DAVIDS, HEIDI E. WASHINGTON,
JOHN CHRISTIANSON, GARY MINIARD,
A.D.W. SANDBORN, MARCUS D. TURNER,
PHYLLIS CLEMENT, ADAM YOHAS,
STEFENEE LEWIS, PHILLIP ZOPON,
TRACEY SCHAFER, A. BEECHLER,
R.N. WHITE, J. FLETCHER, R.N. ADAM,
R.N. MELTON, C.O. GARDNER, C.O. JEX,
C.O. HICKS, C.O. NEOPHEN, C.O. TERHAAR,
R.U.O. PRINCE, C.O. REESE, C.O. PLOTNICK,
C.O. WALKER, C.O. WELLS, C.O. SHOUSE,
C.O. ROBINSON, C.O. FERGUSON, C.O. CHILLEN,
R.U.O. TOOGOOD, R.U.O. ROBINSON,
R.U.O. MAUIER, R.U.O. TUCKER, R.U.O. WOHL,
R.U.O. MARILLO, R.U.O. SANTIAGO, AND
R.U.O. BANTLGER,

    Defendants,
_____/

## ORDER TRANSFERRING CASE TO
## THE WESTERN DISTRICT OF MICHIGAN

On July 12, 2018, plaintiff Harvey Preston, who presently resides in the custody of the Michigan Department of Corrections (MDOC), filed his complaint in this case alleging that defendants — all employees of the MDOC — violated his rights under the Eighth Amendment by serving him inadequate or poisoned food on several occasions. The plaintiff alleges that the food caused him serious health problems, specifically affecting his vision, chest, and head. According to the cover sheet attached to the complaint, Preston presently is housed at the Ionia Maximum Correctional Facility in Ionia, Michigan. Ionia is the county seat of Ionia County, which is part of

the Western District of Michigan.  28 U.S.C. § 102(b).  The complaint does not allege any facts to suggest that any of the defendants reside, or that any part of the events in controversy occurred, within the Eastern District of Michigan.

The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. § 1391," which states that "'[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States.'" *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013) (quoting 28 U.S.C. 1391(a)(1)).  The general venue statute "further provides that '[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.'"  *Ibid.* (quoting 28 U.S.C. 1391(b)).  "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."  *Ibid.*  If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case" under section 1406(a).  *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *see also Thornton v. Walter*, 774 F.2d 1164, 1985 WL 13711, at *2 (6th Cir. 1985) (unpublished table decision) (collecting cases).

None of the facts alleged in the complaint suggest that any defendant resides within this

district, and all of the events described in the pleadings occurred within the Western District of Michigan. Although venue is not proper in this district, the facts pleaded in the complaint show that the case properly could have been brought in the Western District. Because there is no apparent basis for venue to lie in this district, but there are facts in the complaint suggesting that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Accordingly, it is **ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Western District of Michigan.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: July 19, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2018.

                        s/Susan Pinkowski
                        SUSAN PINKOWSKI